The STATE of Ohio, Appellant,

v.

GARCIA, Appellee.

[Cite as *State v. Garcia* (1993), 89 Ohio App.3d 161.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005535.

Decided Aug. 11, 1993.

---

*Richard Gronsky,* Lorain County Assistant Prosecuting Attorney, for appellant.

*Michael Duff,* for appellee.

QUILLIN, Judge.

The state appeals from the trial court's judgment which refused to order forfeiture of appellee's automobile. We reverse.

Appellee, Thomas Garcia, was indicted on three charges including aggravated trafficking in drugs, R.C. 2925.03(A), and possessing criminal tools, R.C. 2923.-24(A), both of which are felonies. Pursuant to R.C. 2925.43(E)(1), the state filed a petition for the forfeiture of Garcia's automobile. Garcia later pleaded guilty to, and was convicted of, all three charges.

A hearing was held on the forfeiture petition. The state contended that Garcia had used this automobile to facilitate the commission of his felony drug abuse offenses because he had admittedly driven the automobile to the place where he "ordered up" five pounds of marijuana. The state conceded that this automobile had not been used to transport any drugs or drug money.

After the state had presented its evidence, and before Garcia had presented any evidence, the court interrupted the proceedings to ask the following question of law:

" * * * [I]s the driving of the vehicle sufficient to constitute, to constitute intended to be used, or used to facilitate, I don't know, and I think this Court is going to ask for briefs on that aspect, I think that's the issue as far as I'm concerned."

The court further indicated that it would also do its own research on this legal issue.

Two weeks later, upon review of the evidence, the legal arguments and the applicable law, the court denied the forfeiture petition. The state appeals and raises one assignment of error:

"The trial court erred and abused its discretion by ruling against the manifest weight of the uncontroverted evidence presented when it denied forfeiture of appellee's Buick."

Although we have no findings of fact before us, the court explained that the determinative issue was a question of law.

R.C. 2925.43(A) provides:

"The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:

" * * *

"(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that * * * could be prosecuted as a felony drug abuse offense * * *."

R.C. 2925.43(E)(4) provides in pertinent part:

" * * * [T]he court shall issue the requested order of civil forfeiture if the court determines that the prosecuting attorney has proven, by clear and convincing evidence, that the property in question is property as described in division (A)(1) or (2) of this section * * *."

Therefore, to establish that the trial court erred by denying the petition, the state must show, by clear and convincing evidence, that Garcia's automobile was "used in any manner to commit, or to facilitate the commission" of the drug offenses.

There is no Ohio case law on this issue. However, the state does cite one federal case, *One Blue 1977 AMC Jeep CJ–5 v. United States* (C.A.8, 1986), 783 F.2d 759, which was decided on similar facts.

*One Blue 1977 AMC Jeep* involved two vehicles allegedly "used 'in any manner' to facilitate the sale, receipt, possession, or transportation of a controlled substance. 21 U.S.C. Section 881(a)(4)." *Id.* at 761. There was evidence that one of the vehicles, a Datsun, had actually carried drugs and drug money. However, the only evidence concerning the other vehicle, the Jeep, was that it had been driven to several drug-buy meetings. The court determined that this connection alone (transportation to drug-buy meetings) was legally sufficient to constitute use "in any manner" to facilitate the sale, receipt, possession, or transportation of a controlled substance.

This reasoning is directly applicable here. Undercover police officers came to Garcia's home to purchase five pounds of marijuana. Garcia told them that he would be able to set up the deal, but that he had to leave and go somewhere. He said it would take him about fifteen minutes to get there, and that it would take approximately one hour to set up the deal. Garcia left the house and got into his Buick automobile. Another police officer observed Garcia driving the Buick. Garcia later admitted to police that he had driven the Buick to the place where he

"ordered up" five pounds of marijuana. Therefore, the trial court erred in not finding that Garcia's automobile was "used in any manner to commit, or to facilitate the commission" of his felony drug abuse offenses.

The assignment of error is sustained.

The judgment of the trial court is reversed.

*Judgment reversed.*

Cook, P.J., and Dickinson, J., concur.