The STATE of Ohio, Appellant,

v.

ROBERTS, Appellee.

[Cite as *State v. Roberts* (1995), 102 Ohio App.3d 514.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2342–M.

Decided April 12, 1995.

*Dean Holman,* Medina County Prosecuting Attorney, and *John J. Dolatowski,* Assistant Prosecuting Attorney, for appellant.

*John B. Cameron,* for appellee.

---

BAIRD, Presiding Judge.

The state of Ohio appeals the ruling of the Medina County Court of Common Pleas ordering the return to David Roberts of money seized from him at the time of his arrest. We affirm.

Roberts was stopped on February 21, 1993, by the Ohio State Highway Patrol for displaying fictitious license plates. Neither Roberts nor his passenger had a valid driver's license. A tow of Roberts's automobile was ordered, pursuant to which an inventory search was conducted. The search disclosed syringes, crack pipes, a small quantity of crack cocaine, two small packets of heroin, and $24,025. Roberts identified the money as his proceeds from gambling. The vehicle, drugs, drug paraphernalia, and money were seized and held by the Highway Patrol.

On March 3, 1993, Roberts was indicted on one count of drug abuse for possession of heroin, one count of drug abuse for possession of cocaine, and one count of possession of criminal tools. He pleaded not guilty to all charges. Roberts's motion to suppress evidence retrieved in the search of his automobile was denied.

On October 29, 1993, Roberts changed his plea to no contest on all counts and was found guilty. On the same date, he moved for return of property. On November 9, 1993, the state filed a complaint and petition for forfeiture of Roberts's automobile and the $24,025 seized at the time of his arrest.

Following a forfeiture hearing, the court found that (1) because none of the counts on which Roberts was indicted contained a specification as to the use of the car or the money, the forfeiture provisions set forth in R.C. 2925.42 did not apply; (2) the state's petition for forfeiture was improperly and untimely filed pursuant to the provisions set forth in R.C. 2933.43(C), but Roberts was not prejudiced thereby; (3) the state failed to demonstrate that the money was contraband; and (4) the automobile was shown to be used in the commission of a felony, drug abuse. The court ordered that the automobile be forfeited and the cash returned to Roberts, after deduction of the amount due the state for mandatory fines in connection with his convictions.

It is from this order that the state brings this appeal, asserting three assignments of error.

## ASSIGNMENTS OF ERROR

### I

"The trial court erred in ordering the return of money on the basis that the petition was not timely filed.

### II

"The trial court erred in finding the state failed to prove, by a preponderance of the evidence, that the money was contraband.

### III

"The trial court erred in ordering the return of money despite the provisions of R.C. 2933.42 and 2933.43."

Because Roberts's assignments of error are interrelated, we shall address them together for purposes of this opinion.

R.C. 2933.43 sets forth the procedure for seizure and forfeiture of contraband. "Contraband" is defined in R.C. 2901.01(M) as any of the following:

"(1) Property that in and of itself is unlawful for a person to acquire or possess;

"(2) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it;

" * * *

"(5) Any * * * money * * * that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in a violation of, Chapter 2925. or 3719. of the Revised Code [prohibiting drug offenses and regulating controlled substances, respectively];

"(6) Any * * * money * * * that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in the violation of Chapter 2915. of the Revised Code [prohibiting gambling]."

In its order, the trial court found that (1) even if the state's petition for forfeiture had been timely filed, the state failed to show, by a preponderance of the evidence, that the money retrieved from Roberts's automobile was contraband; (2) the mere fact that the money was found in the trunk with a small quantity of drugs did not show that the money was being utilized in the crime of drug abuse; (3) the state produced no evidence of drug trafficking; (4) the amount of drugs found in the automobile was more consistent with drug abuse

than with the sale of drugs; (5) Roberts admitted being a user of drugs; and (6) the amount of cash, $24,025, was vastly out of proportion to the amount of drugs found.

The state argues that the court's findings were in error because the evidence showed that Roberts (1) had drugs and drug paraphernalia in his automobile, (2) was an admitted drug user, (3) was unemployed, (4) claimed he was en route to Cleveland from Columbus at 12:36 on a Sunday morning to buy a Mercedes, (5) claimed the money was gambling profits, and (6) pleaded no contest to a charge of possessing criminal tools, which included money "as an element of that offense." [1]

A forfeiture action, while instituted as a criminal penalty, is a civil proceeding. *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 181, 569 N.E.2d 916, 919. Forfeitures are not favored in law or in equity. *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 65, 434 N.E.2d 723, 725. Statutes imposing forfeiture must be strictly construed; where possible, forfeiture should be avoided. *Id.* at 26, 24 O.O.3d at 65–66, 434 N.E.2d at 725. In a forfeiture proceeding, the state bears the burden of proving, by a preponderance of the evidence, that seized property is contraband. R.C. 2933.43(C).

Mere possession of cash is not unlawful. See *Lilliock* at 27, 24 O.O.3d at 66, 434 N.E.2d at 726. To demonstrate that cash is contraband, the state must show "that it is more probable than not, from all the circumstances, that the defendant used the items in the commission of criminal offenses." *State v. Golston* (1990), 66 Ohio App.3d 423, 432, 584 N.E.2d 1336, 1342.

The only testimony relative to the stop and search of Roberts's automobile was that of Gerald Shrewsbury, the state trooper who initiated the stop and searched the vehicle. Trooper Shrewsbury testified that he found in the car 2.813 grams of heroin, .047 grams of cocaine, several syringes, a crack pipe, and $24,025. Trooper Shrewsbury recovered the money from the trunk of Roberts's automobile, wrapped in four individual plastic bags inside the zipper pockets of four individual pairs of jogging pants. Roberts told Trooper Shrewsbury that he was a recovering heroin addict and that he was going to Cleveland to buy a Mercedes. Roberts stated that the money was his, and represented gambling profits, and that he was unemployed and "on disability." Trooper Shrewsbury

---

1. The state argues that Roberts's plea of no contest to the possession of the criminal tools charge, in effect, constitutes an admission by Roberts that the money was forfeitable contraband. Crim.R. 11(B)(2) states that a plea of no contest is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment, and "shall not be used in any subsequent civil or criminal proceeding." Accordingly, we need not reach this aspect of the state's assignments of error.

testified that he was unaware of any further investigation that was conducted with respect to the money.

The state cites three cases in support of its argument that the money recovered from Roberts is forfeitable contraband. Our review of those cases demonstrates that each is inapposite to the case before us. In *State v. Sanders* (Jan. 30, 1991), Summit App. No. 14682, 1991 WL 11452, unreported, this court considered the forfeiture of a vehicle used to transport stolen clothing. The issue in *Sanders* was the timeliness of the state's petition of forfeiture. Since our disposition of this appeal rests on whether the money taken from Roberts was, in the first instance, contraband, the law set forth in *Sanders* is not dispositive of the case before us.

In *State v. Westmoreland* (Feb. 3, 1993), Summit App. No. 15716, 1993 WL 27488, unreported, we considered the state's right to forfeiture of a van used to transport a concealed weapon. In a trial to a jury, Westmoreland was convicted of a weapons charge. R.C. 2933.42(A) prohibits the transport of contraband, and R.C. 2933.42(B) creates a rebuttable presumption that vehicles used to transport contraband are themselves contraband subject to forfeiture. Since the weapon at issue in *Westmoreland* was contraband, as defined by R.C. 2901.01(M)(1), the state was found to have shown by a preponderance of the evidence that the van was forfeitable contraband because it transported the weapon. *Id.* at 5.

In *State v. Garcia* (1993), 89 Ohio App.3d 161, 623 N.E.2d 1249, the court permitted the forfeiture of an automobile, pursuant to a conviction for aggravated drug trafficking, when the automobile was used only to transport the defendant to and from the source of the drugs he sold. In *Garcia*, undercover police officers had come to the defendant's home to purchase drugs and were told by the defendant that he had to leave to set up the deal. Another police officer observed the defendant get into his automobile and drive to the place where he ordered the drugs in question.

In each of the three cases cited by the state, the forfeited vehicles were directly linked to the underlying crimes at issue. In the case before us, the money was never linked to the crimes of drug abuse or possession of criminal tools of which Roberts was convicted. Testimony at the hearing indicated only that Roberts was en route from Columbus to Cleveland to purchase an automobile. As implausible as that might be at 12:36 on a Sunday morning, there was no evidence to contradict Roberts's assertion.

Of the heroin recovered in the search, 2.7 grams were recovered from a travel bag in the trunk. The court determined that the quantity of drugs recovered was not consistent with drug trafficking and that the appropriate link to drug abuse had not been shown. As a reviewing court, we will not disturb the

judgment of a trial court when some competent, credible evidence supports the judgment. *State v. Wegmiller* (1993), 88 Ohio App.3d 68, 72, 623 N.E.2d 131, 134. We find that there was such evidence in the record.

Moreover, in accordance with R.C. 2933.43(C), the state was required to show by a preponderance of the evidence that Roberts possessed, transported, or concealed contraband. In conjunction with R.C. 2901.01(M), the state was required, but failed, to show that the cash was contraband either because (1) it was inherently unlawful, (2) it was used in an unlawful activity or manner, (3) the circumstances warranted a finding of contraband, (4) it was used or intended to be used in the commission of a drug offense, (5) or it was used or intended to be used in the commission of a gambling offense. The record is virtually void of any link between the money and the offenses for which Roberts was convicted.

With respect to Roberts's claim that the money was proceeds from gambling, the record is void of any evidence that the gambling winnings were illegally obtained. Trooper Shrewsbury testified that he did not know whether the gambling profits were won in the state lottery, at horse races, or from some other source.

Accordingly, we find that the state has failed to show that the money at issue was contraband. As a result, it is unnecessary for us to reach the state's assignment of error relating to timeliness of its petition since the money was not shown to be forfeitable in any event.

The state's assignments of error are overruled, and the decision of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and REECE, JJ., concur.