The STATE of Ohio, Appellee,

v.

ALI, Appellant.

[Cite as *State v. Ali* (1997), 119 Ohio App.3d 766.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71256.

Decided May 27, 1997.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *John J. Gallagher,* Assistant Prosecuting Attorney, for appellee.

*Carolyn Kaye Ranke,* for appellant.

---

*Per Curiam.*

This appeal is before the court on the accelerated docket pursuant to App. R. 1.1 and Loc.App.R. 25.

Defendant-appellant Hakim Ali appeals from the trial court's order denying his motion for return of property. Defendant contends that the state failed to prove that the confiscated property was contraband, the state failed to timely file its petition for forfeiture, and the court failed to determine that the forfeiture constituted an excessive fine in violation of defendant's constitutional rights. We find that the trial court's order requiring forfeiture of the money was in error and reverse the trial court's judgment.

On February 29, 1992, a Beachwood police officer observed defendant, driving a 1989 Cadillac, using a public pay phone at the Union 76 Station on Chagrin Blvd. at 1–271. The officer became suspicious and began to monitor defendant's activities. He ran a check of defendant's license plates, which revealed that the vehicle was owned by the defendant, who had a suspended driver's license. The officer approached defendant, detained him, advised him that he was driving under a suspended license, and placed him under arrest. Prior to the tow of the auto, an inventory search of the vehicle disclosed a brown bag containing $15,040 on the passenger seat.

Defendant was questioned about his possession of the cash at the police station and explained that he was in Cleveland to purchase clothing from wholesalers for a second-hand clothing store he owned in Canton, Ohio.

Beachwood police conducted a second search of the vehicle at the police station garage on March 2, 1992, with the assistance of a drug-sniffing dog. A few marijuana seeds and residue and some small pieces of crack cocaine were found in the trunk of the vehicle. The police continued their investigative search with the drug dog and later conducted further tests of the money seized from the vehicle. The dog alerted to the $15,040, which was indicative of a narcotic odor.

The Beachwood police forwarded paperwork to the county prosecutor's office on March 10, 1992, including a petition for forfeiture of the $15,040, the 1989 Cadillac, a pager, and a cellular phone. Defendant was indicted for drug abuse and possession of criminal tools on June 24, 1992, and a petition for forfeiture of those items was attached to the indictment. A capias issued on July 31, 1992,

from the arraignment room. Defendant was arrested on the warrant on October 25, 1995, arraigned on October 27, 1995, and made bail the same day.

On January 26, 1996, defendant filed a motion to suppress evidence and a motion for return of property. The trial court held an oral hearing on the motions. At the hearing, defendant, two witnesses, Lee Carthon, defendant's father, and Cortez Compton all testified about the loaning of money for a clothing business venture in February 1992. Defendant admitted to a prior "conspiracy of aggravated trafficking in cocaine charge fourteen years ago" and carrying a concealed weapon charge seven years ago. A Beachwood policeman testified that defendant's pager, seized by the police, was going off continually during and after the seizure.

On February 12, 1996, the court denied the motion to suppress but deferred its ruling on the request for return of the property. On February 20, 1996, the state filed its opposition to the request for return of property. On February 29, 1996, defendant pled guilty to drug abuse. The charge of possession of criminal tools was nolled. Defendant's case was reset for sentencing on March 28, 1996. Another capias was issued after his nonappearance on April 17, 1996. He was rearrested on May 17, 1996. On June 11, 1996, defendant was sentenced to one year at the Lorain Correctional Institution as a result of his plea. The trial court overruled his request for return of property on August 11, 1996. This timely appeal ensued.

We will address defendant's assignments of error in the order presented.

"I. The trial court erred in overruling appellant's motion for return of property in that the state failed to produce any evidence that the confiscated money was contraband."

In a forfeiture proceeding, the state bears the burden of proving that the seized property is contraband by a preponderance of the evidence. R.C. 2933.43(C); *State v. Roberts* (1995), 102 Ohio App.3d 514, 657 N.E.2d 547; *State v. Golston* (1990), 66 Ohio App.3d 423, 431, 584 N.E.2d 1336, 1341–1342. Specifically, R.C. 2901.01(M)(1), (2), (5) defined "contraband" in part as:

"(1) Property that in and of itself is unlawful for a person to acquire or possess;

"(2) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it;

"* * *

"(5) Any * * * money * * * that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in a violation of, Chapter 2925. or 3719. of the Ohio Revised Code."

The law does not favor forfeiture. *State v. Hill* (1994), 70 Ohio St.3d 25, 31, 635 N.E.2d 1248, 1253–1254; *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 65, 434 N.E.2d 723, 724–725. Therefore, statutes imposing forfeiture should be strictly construed, and whenever possible, forfeiture should be avoided. *Id.* at 26, 24 O.O.3d at 65–66, 434 N.E.2d at 725. Mere possession of cash is not unlawful. *State v. Golston, supra,* 66 Ohio App.3d at 431, 584 N.E.2d at 1341–1342; *Chagrin Falls v. Loveman* (1986), 34 Ohio App.3d 212, 216, 517 N.E.2d 1005, 1009–1010; *State v. Clark* (1989), 63 Ohio App.3d 52, 57, 577 N.E.2d 1141, 1143–1144. To prove that money is contraband and therefore subject to forfeiture, "the state must demonstrate that it is more probable than not, from all the circumstances, that the defendant used [the money] in the commission of criminal offenses." *State v. Golston, supra,* 66 Ohio App.3d at 432, 584 N.E.2d at 1342.

In the case herein, the only evidence presented that the money was contraband was that the drug sniffing dog alerted to the money as having a narcotic odor on it. This is not very surprising considering the fact that the defendant pled guilty to drug abuse and could have been abusing drugs while handling the money. However, this does not in itself show that the money was used for drug abuse purposes. The large amount of cash is not a plausible link to the crime of drug abuse considering the small amount of drugs found in defendant's car and the relatively inexpensive purchase price of marijuana and a rock of cocaine. *State v. Roberts* (1995), 102 Ohio App.3d 514, 519–520, 657 N.E.2d 547, 550–551. The officer testified that a rock of cocaine can cost anywhere from $5 to $20.

Defendant was indicted only on drug abuse and possession of criminal tools. He was not indicted on drug trafficking. R.C. 2933.43(C) states:

"Any property seized because of its relationship to an underlying criminal offense or administrative violation shall be returned to its owner if charges are not filed in relation to that underlying offense or violation within 30 days after the seizure, [or] if charges of that nature are filed and subsequently dismissed * * *."

Since the property was seized on March 2, pursuant to the search of the vehicle, the property should have been returned by April 1 since no drug trafficking charges were ever filed against the defendant. *In re Forfeiture of $10,030 in U.S. Currency* (1990), 68 Ohio App.3d 536, 538, 589 N.E.2d 94, 95.

Even if defendant had been charged with drug trafficking there is not, in our judgment, sufficient evidence linking the money to that offense.

The small amount of drugs found in the car is more indicative of drug abuse than drug trafficking. *State v. Roberts, supra,* 102 Ohio App.3d at 519–520, 657 N.E.2d at 550–551; *State v. Golston, supra,* 66 Ohio App.3d at 434, 584 N.E.2d at 1343–1344. The fact that the money was rubber-banded together in a brown bag and defendant had a beeper that went off continually is admittedly suspicious, but no further evidence was presented concerning these items.

Defendant testified that he received the money from his father and two friends in order to buy used clothing for his used clothing store. His father and one friend corroborated this story. Defendant stated that he rubber-banded the money together so he could easily count the money. Defendant admitted that it was not common for him to carry $15,000 around in a brown bag, but also admitted that he was not accustomed to having a business either. His car trunk contained clothing, tending to show that he was in the business of buying used clothing. Although defendant's story is suspicious, there was no evidence presented by the state to contradict the defendant's assertions.

Because the $15,000 was never linked to an underlying criminal offense, we cannot agree that the state proved by a preponderance of the evidence that the money was contraband.

Defendant's Assignment of Error I is sustained.

"II. The trial court erred in overruling appellant's motion for return of property in that the state failed to timely file the petition for forfeiture as required by Ohio Revised Code Section 2933.43(C).

"III. The trial court erred by failing to make a determination as to whether the forfeiture of the money constituted an excess fine in violation of Section 9, Article I of the Ohio Constitution and the Eighth Amendment to the United States Constitution prior to overruling appellant's motion for return of property."

Assignments of Error II and III need not be addressed as they are moot. See App.R. 12(A)(1)(c).

*Judgment reversed.*

PORTER, P.J., CHARLES D. ABOOD and O'DONNELL, JJ., concur.

CHARLES D. ABOOD, J., retired, of the Sixth Appellate District, sitting by assignment.