OPINION
{¶ 1} On October 31, 2002, the Licking County Grand Jury indicted appellant, Joshua Bonner, on two counts of trafficking in crack cocaine in violation of R.C. 2925.03. Attached to each count was a specification seeking the forfeiture of appellant's motor vehicle.
 {¶ 2} On January 29, 2003, appellant pled guilty as charged. By judgment entry filed January 31, 2003, the trial court sentenced appellant to an aggregate term of three years of community control. Also, the trial court ordered forfeiture of appellant's motor vehicle as it was used to facilitate the commission of both counts and thus qualified as contraband.
 {¶ 3} On January 30, 2003, appellant had filed a motion to reconsider the forfeiture ruling. By judgment entry filed February 19, 2003, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN ORDERING THE FORFEITURE OF THE DEFENDANT-APPELLANT'S MOTOR VEHICLE."
 I {¶ 6} Appellant claims the trial court erred in ordering the forfeiture of his vehicle. We disagree.
 {¶ 7} R.C. 2925.42 governs civil forfeiture of property. Subsection (A)(2) states as follows:
 {¶ 8} "(A) The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:
 {¶ 9} "(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense or that, upon the filing of a complaint, indictment, or information, could be the basis for finding a juvenile to be a delinquent child for committing an act that, if committed by an adult, would be a felony drug abuse offense."
 {¶ 10} By judgment entry filed January 31, 2003, the trial court found the following:
 {¶ 11} "Based upon the hearing held, the Court hereby orders that the 1994 black Ford Probe Hatchback, Ohio License Number AE40PB, VIN 1ZVLT2OAOR5110052, that was driven by the defendant be forfeited pursuant to the forfeiture specification filed. The Court specifically finds that the vehicle was used to facilitate the commission of both counts of the indictment and therefore the vehicle qualifies as contraband pursuant to R.C. 2925.42. Additionally, a hearing was conducted and this Court finds that the forfeiture does not constitute an excessive fine as defined byState v. Hill (1994), 70 Ohio St.3d."
 {¶ 12} In denying appellant's motion to vacate the forfeiture order, the trial court reiterated that the vehicle was "used or intended to be used in any manner to commit or to facilitate the commission of a felony drug abuse offense," finding the following:
 {¶ 13} "The vehicle was operated by the defendant to the drug-buy locations on two occasions. On both occasions the drug transactions were video taped. The defendant used his vehicle to transport not only himself but also the drugs he was selling. The sales did not occur in the vehicle itself but the defendant was observed operating the vehicle to the drug sale location, exiting the vehicle and completing the sale, re-entering the vehicle, and then leaving the location." Judgment Entry filed February 19, 2003.
 {¶ 14} Appellant conceded at sentencing the vehicle was titled in his name and he drove it "to and from the sites in which — or at which the drugs were sold." T. at 21. The issue raised by appellant before this court is whether the act of driving "to and from the sites" is tantamount to "used in any manner to commit, or to facilitate the commission of***a felony drug abuse offense" pursuant to R.C.2945.42(A)(2). Upon review, we find that it is, and agree with the trial court's analysis. See, State v. Hill (July 12, 1995), Lorain App. No. 94CA005974; State v. Garcia (1993), 89 Ohio App.3d 161 (wherein the Ninth District held a vehicle used for transportation to "order" drugs for a later sale was "used in any manner to commit, or to facilitate the commission of***a felony drug abuse offense" even though the vehicle was not used to transport any drugs or drug money).
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Gwin, P.J., and Hoffman, J. concur.