**DAYTON POLICE DEPARTMENT, Appellant,**

v.

**BYRD, Appellee.**

[Cite as *Dayton Police Dept. v. Byrd,* 189 Ohio App.3d 461, 2010-Ohio-4529.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23551.

Decided Sept. 24, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Nolan Thomas, Assistant Prosecuting Attorney, for appellant.

Jay A. Adams, for appellee.

FROELICH, Judge.

{¶ 1} Petitioner-appellant, the Dayton Police Department, appeals from a June 30, 2009 trial court decision denying its petition seeking the forfeiture of a car and cash seized from respondent-appellee, Jason Byrd, upon his arrest for trafficking in marijuana, a fifth-degree felony. For the following reasons, the judgment of the trial court will be affirmed.

I

{¶ 2} The magistrate's decision set forth the following statement of facts:

{¶ 3} "On February 24, 2008, Dayton Police Officers Spielman and Malson observed a vehicle in the area of West Third Street and James H. McGee. Upon running the plate of the vehicle, it was determined that the driver matched the physical description of the registered owner. The registered owner, Jason Byrd, was under a license suspension. Armed with this information, the officers conducted a traffic stop of the vehicle. Officer Spielman determined that the driver was, in fact, Jason Byrd. Byrd informed the officers that he had driving privileges. Byrd was placed in the back of the officer's cruiser. Byrd gave permission to the officers to locate his paperwork in the car evidencing his driving privileges. While in the car, Officer Malson smelled a strong odor of

marijuana. Officer Spielman did not smell this odor from outside of the vehicle while speaking to the driver. Officer Malson retrieved the paperwork and then looked into the center console of the vehicle, where he found several bags of marijuana. The total weight of the marijuana was approximately 186 grams. Byrd was charged with trafficking based upon the packaging of the marijuana and not on any other evidence."

{¶ 4} Upon Byrd's arrest, police seized his 2000 Bonneville and $231 in cash that was found on his person. Although Byrd was indicted on the charge of trafficking in marijuana, a felony, he entered a plea to and was convicted of attempted trafficking in marijuana, a first-degree misdemeanor, and was sentenced accordingly. On March 17, 2008, the Dayton Police Department filed a petition seeking the forfeiture of Byrd's car and cash. The magistrate denied the petition, and the Dayton Police Department filed objections. The trial court overruled the objections and adopted the magistrate's decision. The Dayton Police Department appeals.[1]

## II

{¶ 5} The Dayton Police Department's sole assignment of error is as follows:

{¶ 6} "The trial court erred and abused its discretion in overruling petitioner-appellant's objections and adopting the magistrate's decision."

{¶ 7} In its sole assignment of error, appellant argues that the trial court erred in denying its petition for the forfeiture of Byrd's car and cash. When reviewing a trial court's adoption of a magistrate's decision, we apply an abuse-of-discretion standard. *State Farm Mut. Auto. Ins. Co. v. Fox*, 182 Ohio App.3d 17, 2009-Ohio-1965, 911 N.E.2d 339, ¶ 11. Therefore, the trial court's decision will be reversed only if the court's actions were unreasonable or arbitrary. Id., citing *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 60–61, 548 N.E.2d 287.

{¶ 8} An underlying theme of appellant's assignment of error is that the trial court abused its discretion in finding that a written transcript was required to support appellant's objections; the appellant argues that because its objections were made to the magistrate's conclusions of law rather than to her findings of fact, a transcript of the hearing was not necessary. Civ.R. 53(D)(3)(b)(iii) requires that objections to a magistrate's factual findings must be supported by a

---

1. Although the issue has not been raised by either party to this appeal, we have held that "the Dayton Police Department is not a proper party to whom to order a forfeiture under the authority of R.C. Chapter 2981." *In re Forfeiture of Property of Louis,* 187 Ohio App.3d 504, 2010-Ohio-1792, 932 N.E.2d 924, ¶ 2.

transcript, or by an affidavit if a transcript is not available. A CD–ROM of the proceedings does not fulfill the Civ.R. 53(D)(3)(b)(iii) requirement of a transcript. Instead, the objecting party must provide a *written* transcript, without which a trial court's review is necessarily limited to the magistrate's conclusions of law. *Leibold v. Hiddens,* Montgomery App. No. 21487, 2007-Ohio-2972, 2007 WL 1721347, ¶ 16. See also *In re Estate of Stanford,* Montgomery App. No. 23249, 2010-Ohio-569, 2010 WL 597100, ¶ 22.

{¶ 9} R.C. Chapter 2981 sets forth the procedures to be employed when the state or a political subdivision seeks forfeiture of a defendant's property. In this case, forfeiture of Byrd's cash could have been sought either as "proceeds" under R.C. 2981.02(A)(2) or as an "instrumentality" pursuant to R.C. 2981.02(A)(3), while forfeiture of his car could have been sought as an "instrumentality" pursuant to R.C. 2981.02(A)(3). The petition for forfeiture alleges that the vehicle and cash were "either contraband, proceeds, and/or an instrumentality * * *."

{¶ 10} R.C. 2981.02(A)(2) allows for the forfeiture of "[p]roceeds derived from or acquired through the commission of an offense." Generally, the term "proceeds" refers to the profit gained directly or indirectly from an offense. R.C. 2981.01(B)(11). The burden is on the state to show that the money has any connection to the underlying criminal offense. *State v. Ali* (1997), 119 Ohio App.3d 766, 770, 696 N.E.2d 285. The state "must demonstrate that it is more probable than not, from all the circumstances, that the defendant used [the money] in the commission of criminal offenses." (Citations omitted.) Id. at 769. The same logic applies regarding sufficient proof that the money was proceeds of the criminal offense.

{¶ 11} In this case, the magistrate concluded, and the trial court agreed, that "there is absolutely no evidence that the money seized from the Respondent, was proceeds as that term is defined in 2981.01(11)." There is nothing inherently illegal about possessing cash. *State v. Roberts* (1995), 102 Ohio App.3d 514, 518, 657 N.E.2d 547. There is nothing in the record before us to contradict the conclusion that the cash was not the "proceeds" of criminal activity.

{¶ 12} Alternatively, property may be subject to forfeiture if it is "[a]n instrumentality that is used or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:

{¶ 13} "(a) A felony;

{¶ 14} "(b) A misdemeanor, when forfeiture is specifically authorized * * *;

{¶ 15} "(c) An attempt to commit, complicity in committing, or conspiracy to commit an offense of the type described in divisions (A)(3)(a) and (b) of this section." R.C. 2981.02(A)(3). An "instrumentality" is defined as "property otherwise lawful to possess that is used in or intended to be used in an offense." R.C. 2981.01(B)(6).

{¶ 16} The magistrate began with an acknowledgment that Byrd's property *"may* be subject to forfeiture." (Emphasis sic.). Although the magistrate quoted all of R.C. 2981.02(A)(3), she confined her findings to subsections (a) and (b), and she did not specifically address subsection (c). Byrd was convicted of an attempt to commit a felony offense, which falls within R.C. 2981.02(A)(3)(c). To the extent that the trial court stated, "The Magistrate found that the currency and the vehicle could not be forfeited because the Respondent Jason Lee Byrd ('Byrd') pled to and was convicted of a misdemeanor, rather than a felony charge," the trial court was in error.

{¶ 17} Byrd's property being potentially subject to forfeiture pursuant to R.C. 2981.02(A)(3)(c), the analysis next turns to the question of whether the property is an "instrumentality" as contemplated by R.C. 2981.02(B). That section sets forth the relevant factors to be considered in determining "whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense or an attempt * * * to commit an offense * * * in a manner sufficient to warrant its forfeiture." Those factors are as follows:

{¶ 18} "(1) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;

{¶ 19} "(2) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense;

{¶ 20} "(3) The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense." R.C. 2981.02(B).

{¶ 21} Neither the trial court nor the magistrate directly addressed whether either the car or the cash was an instrumentality. Just as the mere possession of cash is not unlawful, "[t]here is nothing even remotely criminal in possessing an automobile." *One 1958 Plymouth Sedan v. Pennsylvania* (1965), 380 U.S. 693, 699, 85 S.Ct. 1246, 14 L.Ed.2d 170. Rather, both the magistrate and the trial court proceeded to the next step, the proportionality review in accordance with R.C. 2981.09, although "proceeds obtained from the offense are not subject to proportionality review under this section." R.C. 2981.09(B). "Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense. The owner of the property shall have the burden of going forward with the evidence and the burden to prove by a preponderance of the

evidence that the amount or value of the property subject to forfeiture is disproportionate to the severity of the offense." R.C. 2981.09(A).

{¶ 22} In conducting a proportionality review, "the [trial] court shall consider all relevant factors including, but not limited to, the following:

{¶ 23} "(1)The seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture;

{¶ 24} "(2) The extent to which the person whose property is subject to forfeiture participated in the offense;

{¶ 25} "(3) Whether the offense was completed or attempted." R.C. 2981.09(C).

{¶ 26} The magistrate did hold that the forfeiture was "not authorized by statute," and this was affirmed by the trial court. It is difficult for us to conclude whether this was a finding that misdemeanors *never* authorize a forfeiture (which would be in error) or that the facts before the magistrate did not authorize a forfeiture. When a party fails to file a transcript or an affidavit as to the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based upon those factual findings. See, e.g., *Stewart v. Taylor*, Wayne App. No. 02CA0016, 2002-Ohio-6121, 2002 WL 315136181, ¶ 11.

{¶ 27} The magistrate is presumed to have considered "all relevant factors," including those specifically listed in the statute; she concluded, and the trial court agreed, that the forfeiture of Byrd's car was disproportionate to the offense for which he was convicted. Regarding the cash, the magistrate found, and the court agreed, that there was no evidence that it constituted "proceeds." Concerning the vehicle, although neither the magistrate nor the judge explicitly determined that it was an "instrumentality," the magistrate did conclude, and the judge agreed, that forfeiture is disproportionate to the underlying crime (i.e., even if it had been an instrumentality). Without a transcript of the proceedings below, the trial court was obligated to accept the magistrate's conclusion that based on the facts before her, that forfeiture would be disproportionate to the severity of Byrd's crime.

{¶ 28} Forfeitures are not favored either in law or in equity. *State v. Baumholtz* (1990), 50 Ohio St.3d 198, 202, 553 N.E.2d 635. Furthermore, "being in derogation of private property rights, [any statutory forfeiture provisions] must be strictly construed." *State v. Bowshier* (Mar. 18, 1993), Clark App. No.

2937, 1993 WL 81813, citing *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368.

{¶ 29} Appellant's sole assignment of error is overruled.

## III

{¶ 30} Having overruled the Dayton Police Department's sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

DONOVAN, P.J., and GRADY, J., concur.