[Cite as *Marok v. Ohio State Univ.*, 2011-Ohio-4837.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THEODORE K. MAROK, III

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY

    Defendant

Case No. 2006-06736

Judge Joseph T. Clark
Magistrate Anderson M. Renick

<u>JUDGMENT ENTRY</u>

{¶1}   Plaintiff brought this action alleging breach of contract, negligence, unjust enrichment, and spoliation.  A trial was held on the issue of liability.  On May 3, 2011, the magistrate issued a decision recommending judgment for defendant.

{¶2}   Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."  On May 17, 2011, plaintiff filed his objections.  Defendant did not file a response.

{¶3}   The magistrate found that in 1999 plaintiff was a student at defendant, The Ohio State University (OSU), pursuing an undergraduate degree in the College of Agriculture.  On December 24, 1999, Jill Pfister, Assistant Dean of Academic Affairs, wrote a letter informing plaintiff that he was being dismissed from OSU for failing to maintain "the minimum requirement" for scholastic achievement.  In early 2000, plaintiff received statements from defendant requesting payment of the balance owed on his student account.  In May 2000, plaintiff received a demand from defendant's Office of Student Loan Services for payment on a federal Perkins loan.

{¶4}   In October 2004, plaintiff received notice that his student accounts had been referred to the Office of Attorney General for collection.  OSU subsequently

brought an action against plaintiff in the Franklin County Municipal Court which, on April 11, 2006, resulted in a finding that plaintiff was liable to OSU and an order for repayment of his student loans with interest.

{¶5} The magistrate concluded that plaintiff's claims were barred both by the two year statute of limitations in R.C. 2743.16 and by the doctrine of res judicata. Although he has not numbered his specific objections, plaintiff challenges both of the magistrate's conclusions. Plaintiff has also challenged several factual findings made by the magistrate in support of each of the conclusions of law.

{¶6} With regard to plaintiff's objection to the magistrate's factual findings, the court notes that plaintiff has not filed a transcript of the proceedings held before the magistrate in support of such objections. Rather, on June 15, 2011, plaintiff filed an affidavit wherein he "requests this Honorable Court to accept the attached <u>Affidavit of the Evidence</u> to complete its review of the magistrate's recommendations * * *." In plaintiff's affidavit he states that he "took part in the LIABILITY TRIAL HELD 11/02/2009. The court of claims recordings and evidence are held safe by the clerk of courts, they are true to the best of my knowledge. Defendants (sic) counsel and witness for the defendant admitted to the allegations set forth in the Plaintiffs (sic) complaint filed 10/23/2006."

{¶7} Civ.R. 53(D)(3)(b)(iii), states in part: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." In *State v. Everette*, Slip Opinion No. 2011-Ohio-2856, the Supreme Court of Ohio recently stated that a transcript "must be in written, typed, or printed form." Id. at ¶20. In the context of Civ.R. 53 "the objecting party must provide a *written* transcript, without which a trial court's review is necessarily limited to the magistrate's conclusions of law."

*Dayton Police Dept. v. Byrd,* 189 Ohio App.3d 461, 2010-Ohio-4529, ¶8, citing *Leibold v. Hiddens*, Montgomery App. No. 21487, 2007-Ohio-2972. (Emphasis original.)

**{¶8}** Based upon the foregoing , the court finds that the recording referred to in plaintiff's affidavit is not a transcript of proceedings pursuant to Civ.R. 53(D)(3)(b)(iii). Similarly, although Civ.R. 53(D)(3)(b)(iii) allows a party to submit an affidavit of evidence in lieu of a transcript where the transcript of proceedings is "not available," plaintiff has made no showing of unavailability.

**{¶9}** In short, plaintiff has neither provided the court with a transcript of all the evidence relevant to his objections nor an affidavit that complies with Civ.R. 53(D)(3)(b)(iii). Therefore, this court's review is limited to the four corners of the magistrate's decision and to whether the magistrate erred as a matter of law. *Dayton Police Dept.,* supra.

**{¶10}** R.C.2743.16 provides, in part:

**{¶11}** "(A) Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

**{¶12}** In general, statutes of limitation begin to run when some act is committed that gives rise to a cause of action. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87. The discovery rule provides an exception where "a cause of action does not arise until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant." *Norgard v. Brush Wellman, Inc.*, 95 Ohio St.3d 165, 2002-Ohio-2007, ¶8; see also *Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111. However, the rule has been limited to applications for medical and legal malpractice and actions for bodily injury or injury to personal property, and courts have declined to extend the rule unless it is specifically incorporated into a statute. See *Investors REIT One, v. Jacobs* (1989),

46 Ohio St.3d 176, 181; *Creaturo v. Duko*, Columbiana App. No. 04 CO 1, 2005-Ohio-1342, ¶47.

{¶13} The magistrate determined that plaintiff's cause of action sounded in contract and that such cause accrued at the latest on February 29, 2000. Plaintiff did not file this action until October 23, 2006. Inasmuch as plaintiff's claims arise from a contractual relationship that ended in 1999 or 2000, the magistrate did not err in concluding that such claims are barred by the two year statute of limitations found in R.C. 2743.16.[1]

{¶14} Plaintiff next challenges the magistrate's conclusion that the doctrine of res judicata prevents him from relitigating claims brought in the parties' Franklin County Municipal Court case. Although plaintiff alleges in his complaint that defendant committed spoliation sometime after June 16, 2006, the absence of a transcript prevents the court from fully reviewing plaintiff's objection. Moreover, the magistrate determined that plaintiff could have filed a counterclaim against defendant in the Franklin County Municipal Court action. See Civ.R. 13(A) and R.C. 2743.03(E). Accordingly, plaintiff's objection shall be overruled.

{¶15} To the extent that plaintiff asserts that defendant was negligent in administering the loans or university procedures, the doctrine of economic loss bars recovery based upon a theory of negligence. "'The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.'" *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 44, quoting *Nebraska Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.* (Iowa 1984), 345 N.W.2d 124, 126. (Additional citation omitted.)

---

[1] Plaintiff also argues that defendant violated various provisions of the "University Code," but the University Code was neither attached to plaintiff's complaint nor was it admitted into evidence.

**{¶16}** Plaintiff also alleges unjust enrichment. However, where the relevant legal relationship between the parties is set out in a valid, enforceable contract, the equitable remedy for unjust enrichment is not available to plaintiff. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 55. Accordingly, plaintiff's objection shall be overruled.

**{¶17}** Upon review of the magistrate's decision and the objections, the court finds that the magistrate has appropriately applied the law. Therefore, plaintiff's objections are OVERRULED, and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Theodore K. Marok, III
4146 Lyman Avenue
Toledo, Ohio 43612

GWP/dms

Filed July 25, 2011
To S.C. reporter September 22, 2011