[Cite as *Cargile v. Ohio Dept. of Adm. Servs.*, 2011-Ohio-4846.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM CARGILE, III, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES

    Defendant

    Case No. 2009-01140

Judge Alan C. Travis
Magistrate Holly True Shaver

JUDGMENT ENTRY

{¶1} Plaintiffs brought this action alleging breach of contract. A trial was held on the issue of liability and on May 27, 2011, the magistrate issued a decision recommending judgment for defendant.

{¶2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On June 9, 2011, plaintiffs filed their objections. On June 20, 2011, defendant filed a response.

{¶3} According to the magistrate's decision, in 1996, plaintiff, William Cargile, III (Cargile) and defendant, Ohio Department of Administrative Services (DAS), entered into a settlement agreement in an action that Cargile had filed in the United States District Court for the Southern District of Ohio, Eastern Division. The settlement agreement states, in relevant part:

{¶4} "7. * * * DAS agrees that Plaintiffs will have full opportunity to compete for and bid upon public projects, and that all DAS contracts let by bid will be awarded to the lowest responsive and responsible bidder as required by R.C. 9.312." As a result of the settlement agreement, plaintiffs dismissed their federal action.

{¶5} The magistrate concluded that plaintiffs' claims arising from an alleged breach of the settlement agreement that occurred in 2001 were barred by the two-year statute of limitations pertaining to claims against the state. With regard to the claims that were timely filed, the magistrate concluded that plaintiffs failed to prove by a preponderance of the evidence that defendant committed a breach of the 1996 settlement agreement.

{¶6} In their first objection, plaintiffs argue that their cause of action is governed by the statute of limitations found in R.C. 2305.06. R.C. 2305.06 provides "[e]xcept as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued." However, "R.C. 2743.16(A) applies to all actions against the state in the Court of Claims." *Windsor House, Inc. v. Ohio Dept. of Job and Family Services*, Franklin App. No. 09AP-584, 2010-Ohio-257, ¶20. Therefore, plaintiffs' first objection shall be overruled.

{¶7} In their second and third objections, plaintiffs argue that the magistrate erred in not admitting Exhibit M-4 and in excluding any evidence offered to explain events prior to June 26, 1996. Plaintiffs filed their original complaint on February 21, 2007.[1] The magistrate determined that Plaintiffs' Exhibit M-4 was offered to show that plaintiffs submitted a bid for a project on June 1, 2001, to the Ohio School Facilities Commission/Cincinnati Public School District; however, the magistrate did not admit the exhibit, reasoning that any claim regarding that project arose prior to February 21, 2005.

Inasmuch as R.C. 2743.16(A) governs this case, any alleged breach of contract in 2001 would be barred by the two-year statute of limitations. Moreover, without the benefit of a transcript the court is unable to fully review the circumstances surrounding the exclusion of evidence in this case. See Civ.R. 53(D)(3)(b)(iii). Accordingly, the court's review is limited to conclusions of law and the court is unable to fully review plaintiffs' objection. *Dayton Police Dept. v. Byrd,* 189 Ohio App.3d 461, 2010-Ohio-4529, ¶8; *Leibold v. Hiddens*, Montgomery App. No. 21487, 2007-Ohio-2972. Plaintiffs' second and third objections shall be overruled.

**{¶8}** In their fourth objection, plaintiffs argue that the magistrate erred in concluding that the settlement agreement was not intended by the parties to apply to bids submitted to The Ohio State University (OSU) and the Ohio School Facilities Commission (OSFC). The magistrate determined that both OSU and OSFC administer their own projects; that defendant has not administered projects for OSU since 1999; and that defendant has never administered any project for OSFC. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Inland Refuse Transfer Co. v. Browning-Ferris Industries, Inc.* (1984), 15 Ohio St.3d 321, 322. The court's review of the relevant language contained in the settlement agreement results in the same conclusion reached by the magistrate.

**{¶9}** The magistrate determined that plaintiffs had not submitted any bids to defendant from 2001 through 2009. Without the benefit of a transcript, the court is unable to review this finding. Therefore, plaintiffs' objection shall be overruled.

**{¶10}** Upon review of plaintiffs' objections, the magistrate's decision, and the evidence presented at trial, the court finds that the magistrate appropriately applied the law. Therefore, the objections are overruled and the court hereby adopts the magistrate's decision and recommendation as its own, including the findings of fact and

---

[1]The magistrate determined that plaintiffs originally filed Case No. 2007-02173 on February 21, 2007, that plaintiffs dismissed that case by filing a notice of voluntary dismissal on August 11, 2008, and that this action was timely filed pursuant to R.C. 2305.19(A).

conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Christopher P. Conomy                          Percy Squire
Assistant Attorney General                     341 S. 3rd Street, Suite 101
150 East Gay Street, 18th Floor                Columbus, Ohio 43215
Columbus, Ohio 43215-3130

GWP/dms
Filed August 1, 2011
To S.C. reporter September 22, 2011