[Cite as *Dayton Police Dept. v. Thompson*, 2012-Ohio-2660.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| DAYTON POLICE DEPARTMENT : | | |
| | : | Appellate Case No. 24790 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CV-4020 |
| v. | : | |
| | : | |
| RYAN K. THOMPSON | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of June, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LAURA G. MARIANI, Atty. Reg. #0037409, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O.
Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL G. WELLER, Atty. Reg. #0037409, 2121 Miamisburg-Centerville Road, Dayton,
Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Ryan Thompson appeals from the trial court's decision, order, and entry
overruling his objections to a magistrate's decision and ordering civil forfeiture of $3,808
found in his possession at the time of his arrest for possessing crack cocaine.

{¶ 2}    In his sole assignment of error, Thompson contends the trial court erred in

upholding the magistrate's decision and ordering forfeiture of the money.

{¶ 3}    The record reflects that police stopped Thompson's vehicle for a window-tint violation. After being stopped, Thompson fled on foot. While he was running, police saw him make a "throwing motion." Police caught Thompson when he slipped and fell. They discovered a baggie containing a golf-ball sized piece of crack cocaine near where he had made the throwing motion. Although it had been raining and the ground was wet, the baggie was mostly dry. Police placed Thompson under arrest for drug possession and discovered $3,808 in his pants pocket. The money was being carried in three stacks, each of which was secured by a rubber band. The first two stacks contained $1,000 each. The third stack contained $1,808.

{¶ 4}    A grand jury indicted Thompson on one count of crack-cocaine possession in April 2009. The prosecutor then filed this civil-forfeiture action in May 2009. The forfeiture petition alleged that the cash found in Thompson's pocket was subject to forfeiture as "either contraband, proceeds and/or an instrumentality used in the course of, or intended for use in the course of, the commission of a criminal offense[.]"[1] (Doc. #1). Thereafter, in July 2009, Thompson was convicted of crack-cocaine possession, a second-degree felony, and sentenced to prison. The civil forfeiture action eventually proceeded to a February 22, 2011 hearing before a magistrate.

{¶ 5}    The only witness at the hearing was Dayton Police Officer Ronald Velez. He testified consistent with the facts set forth above. He also testified that people involved in drug

---

[1] The prosecutor later filed an amended petition that made a technical change, substituting the appropriate political subdivision as the petitioner. (Doc. #31).

transactions frequently carry money in $1,000 "stacks." He explained that having the money pre-counted and stacked facilitates faster transactions. He also testified that the piece of cocaine found near Thompson weighed 23.3 grams—much more than the typical .10 ounce "personal use amount." Velez further testified that Thompson admitted having no job. According to Velez, Thompson also claimed he ran from the police because he believed he had a warrant. Velez opined, however, that Thompson (who did not have a warrant) "had no reason to run" as he possessed a valid driver's license and insurance.

{¶ 6}    Based on Velez's testimony, the magistrate held that the $3,808 at issue was subject to civil forfeiture as "proceeds" derived from or acquired through the commission of a criminal offense. In support, the magistrate reasoned:

> * * * Petitioner has shown by a preponderance of the evidence that the cash found on Respondent's person is "proceeds" as defined by Ohio law. The Magistrate finds it more likely than not that Respondent threw the baggie containing crack cocaine while trying to flee from the police. The amount of crack cocaine found in the baggie was much greater than the amount typical for personal use, suggesting that Respondent was selling the crack cocaine. Additionally, the money found on Respondent's person was divided into "stacks," a practice which is common in the drug world because it helps to expedite transactions. Given the totality of the circumstances, the Magistrate concludes that it is more likely than not that the money found on Respondent's person was derived, directly or indirectly, from respondent's sale of crack cocaine, a felony. Therefore, the $3,808.00 in U.S. Currency listed in the

petition is subject to forfeiture as "proceeds."

(Doc. #60 at 5).

{¶ 7}    Thompson filed objections, raising two issues. First, he argued that his criminal case involved possession, not trafficking, and that drug possession does not result in any cash proceeds. Second, he asserted that Officer Velez's testimony created at most an inference that the cash in his pocket constituted proceeds of a criminal offense. He maintained that such an inference was insufficient to support forfeiture under *Dayton Police Dept. v. Byrd*, 189 Ohio App.3d 461, 2010-Ohio-4529, 938 N.E.2d 1110 (2d Dist.).

{¶ 8}    The trial court overruled Thompson's objections and ordered the $3,808 forfeited. It reasoned that civil forfeitures "are not limited in scope to proceeds derived directly or indirectly from the offense for which the defendant is actually convicted." (Doc. #65 at 6). The trial court held that forfeiture is permitted if the government proves, by the preponderance of the evidence, that the money constitutes proceeds of *a criminal offense*, regardless of whether it results in a charge or a conviction. The trial court also found this court's decision in *Byrd* to be distinguishable. It noted that in *Byrd* this court found "absolutely no evidence that the money seized * * * was proceeds[.]" "That is not the case here," the trial court reasoned, "because DPD produced evidence regarding how the money was separated and carried, and the significance of how the money was separated in relation to drug offenses." The trial court also noted the absence of evidence contradicting Officer Velez's testimony.

{¶ 9}    On appeal, Thompson reiterates his argument that the government was required to prove the $3,808 constituted proceeds of his offense of conviction, drug

possession. He reasons: "Drug possession does not result in 'proceeds' of money. * * * It is an impossibility to have 'proceeds' from simply possessing drugs."

{¶ 10}   Thompson also contends the government failed to meet its burden to prove the origin of the money. He points out Velez's admitted lack of "first-hand knowledge" regarding where he got the money. Thompson also notes the absence of any surveillance, marked cash, other drugs, or paraphernalia at the scene of his arrest. Thompson additionally contends Velez admitted that banks frequently use bands to stack cash. Finally, Thompson repeats his argument that ordering forfeiture in this case is inconsistent with *Byrd*. He cites *Byrd* for the proposition that there is nothing inherently illegal about possessing cash and that inferences about the origin of cash are insufficient to classify it as "proceeds."

{¶ 11}   Upon review, we find Thompson's arguments to be without merit. Under R.C. 2981.05(D), a trial court "shall issue a civil forfeiture order if it determines that the prosecutor has proved by a preponderance of the evidence that the property is subject to forfeiture under section 2981.02 of the Revised Code * * *."[2] In turn, R.C. 2981.02 provides that "[p]roceeds derived from or acquired through the commission of an offense" are subject to civil forfeiture under R.C. 2981.05. "Proceeds" include "any property derived directly or indirectly from an offense," including money. R.C. 2981.01(B)(11)(a). An "offense" is "any act or omission that could be charged as a criminal offense * * * whether or not a formal criminal prosecution * * * began at the time the forfeiture is initiated." R.C. 2981.01(B)(10). Finally, R.C. 2981.03(F) provides that "[a] civil action to obtain civil forfeiture may be commenced as described in

---

[2] R.C. 2981.05(D) also provides for a "proportionality review" under certain circumstances. That review is inapplicable, however, in cases involving alleged "proceeds" of a criminal offense. *See* R.C. 2981.09(B).

section 2981.05 of the Revised Code regardless of whether the offender * * * has pleaded guilty to [or] been convicted of * * * the act that is the basis of the order."

{¶ 12} In light of the foregoing statutes, we reject Thompson's assertion that forfeiture was improper because he was convicted of drug possession, which results in no proceeds. Contrary to Thompson's argument, the government was required to prove that the money in his pocket constituted proceeds of "an offense," not necessarily proceeds of the offense at issue in his criminal case. As set forth above, "an offense" is any act that "could be charged." A conviction is not required. Therefore, forfeiture was proper if the $3,808 constituted proceeds of drug trafficking.[3]

{¶ 13} The next question is whether the government proved, by the preponderance of the evidence, that the money in Thompson's pocket was derived from drug trafficking. Officer Velez's testimony supports such a conclusion. Thompson had possession of a baggie containing 23.3 grams of crack cocaine and $3,808 in cash. According to Velez, the quantity of crack cocaine in the baggie was 233 times greater than the typical .10 ounce "personal use amount." The cash was divided into three separate "stacks," two of which contained $1,000. Velez testified that drug transactions frequently are conducted using $1,000 stacks of currency. Thompson also admitted not having a job. Considered together, these facts support a

---

[3]In reaching this conclusion, we find *State v. Bowshier*, 2d Dist. Clark No. 2011-CA-28, 2012-Ohio-2410, to be distinguishable. In *Bowshier*, this court recently held that the wording of a prior version of the criminal-forfeiture statute left "no doubt that the property sought to be forfeited must either have been the direct or indirect proceeds of the particular drug abuse offense of which a defendant has been convicted[.]" Notably, this conclusion was based on the language of former R.C. 2925.42(A)(1)(a), which provided for criminal forfeiture upon conviction of a felony drug abuse offense if the property at issue constituted proceeds "of the felony drug abuse offense or act." As set forth above, the current civil-forfeiture statute includes no such requirement. It requires proof that the property subject to forfeiture constitutes proceeds of "an offense," not necessarily the offense of conviction. It defines "an offense" as any act that "could be charged" without requiring a conviction.

reasonable conclusion that Thompson was selling the crack cocaine, not just using it, and that the money in his possession constituted proceeds of drug trafficking. We agree with the trial court that the preponderance of the evidence supports this conclusion.

{¶ 14}  Finally, we reject Thompson's argument that forfeiture of the $3,808 was erroneous under *Byrd*, supra. In *Byrd*, this court correctly noted that "there is nothing inherently illegal about possessing cash." *Byrd* at ¶11. This court then found nothing in the record to contradict the trial court's conclusion that the $231 found in the defendant's possession was not "proceeds" of criminal activity. *Id.* In reaching this conclusion, the trial court and the magistrate had found "absolutely no evidence" that the money constituted such "proceeds." *Id.* Despite the defendant's plea to a charge of attempted trafficking in marijuana, the record lacked evidence linking the $231 to the offense.

{¶ 15}  Unlike in *Byrd*, Officer Velez's testimony did support a finding, by the preponderance of the evidence, that the $3,808 in Thompson's possession constituted proceeds of drug trafficking. Therefore, *Byrd* is distinguishable.

{¶ 16}  Based on the reasoning set forth above, we overrule Thompson's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Laura G. Mariani
Michael G. Weller
Hon. Mary L. Wiseman