[Cite as *State v. Conway*, 2012-Ohio-590.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96905**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIE CONWAY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546185

**BEFORE:** Blackmon, A.J., Stewart, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**ATTORNEY FOR APPELLANT**

James R. Willis
420 Lakeside Place
323 Lakeside Avenue, NW
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: James Price
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Willie Conway ("Conway") appeals the trial court's denial of his motion to suppress and assigns the following errors for our review:

**I. The court erred when it denied the defendant's motion to suppress, this because the affidavit failed to set forth probable cause and, because it authorized a general or exploratory search for evidence of any possible wrong doing.**

**II. The court erred when it failed to find the police in executing the warrant did so in an unreasonable manner, and in an unpardonable manner, in violation of the Fourth Amendment.**

**III. The court erred, and due process was violated, when it determined, admittedly, *sub silento*, that the monies and other chattels taken from the appellant's home were supported by probable cause and when it forfeited these items.**

{¶2}  Having reviewed the record and pertinent law, we affirm the trial court's decision to deny the motion to suppress, but reverse the trial court's decision ordering the televisions and PlayStation console to be forfeited and remand for further proceedings consistent with this opinion.   The apposite facts follow.

Facts

{¶3}  On January 31, 2011, the Cuyahoga County Grand Jury indicted Conway for drug trafficking, drug possession, possession of criminal tools, having a weapon while under disability, and tampering with evidence.   Included in the indictment were firearm, schoolyard, and forfeiture specifications.

{¶4}  Conway filed a motion to suppress, arguing the search of his house was illegal.   At the suppression hearing, the evidence showed that detectives had received information from a confidential reliable informant ("CRI") that he had purchased heroin ten times in the last few months from Conway.   The detectives set up two controlled buys.   In each buy, Conway arrived on the scene in a black SUV driven by a black female and sold the CRI heroin.   After the first controlled buy, detectives followed Conway back to a house located on Hosmer Avenue in Cleveland, Ohio.   Prior to the second controlled buy, officers set up surveillance at the Hosmer Avenue house and observed Conway leave the residence shortly after receiving the call from the CRI; they followed Conway to the arranged buy location.

{¶5}  Based on these observations, the detectives obtained a search warrant to search the Hosmer residence.   A team of SWAT officers accompanied narcotics

detectives to execute the warrant. According to Detective Jeffrey Yasenchak, the SWAT officers knocked loudly on the door and announced, "Cleveland Police SWAT unit. Open up." The officers waited five to ten seconds prior to ramming the door. Conway was observed running from the kitchen to the bathroom. He admitted to the officers that he had flushed a half-ounce of heroin. Because the officers wanted to be sure of the amount flushed, they attempted to find the heroin by taking apart the toilet and broke a pipe in the basement in an attempt to retrieve the drugs. The officers found 53.49 grams of heroin in the freezer, valued at over $8,000.

{¶6} Conway testified that he was in the bathroom when the officers entered the home. He claimed he did not hear them announce anything prior to breaking the door open, and they never handed him a search warrant. He denied flushing drugs down the toilet and stated the officers broke a pipe in the basement without any reason to do so causing water damage. The officers took two televisions and a PlayStation console, along with $700. He claimed he had purchased the televisions and PlayStation from money he had earned as a rap musician and from his tax return.

{¶7} Based on the above evidence, the trial court denied Conway's motion to suppress. Conway entered a no contest plea to all the counts. The trial court sentenced him to a total of four years in prison.

### Invalid Search Warrant

{¶8} In his first assigned error, Conway contends the trial court erred by finding probable cause to support the search warrant.

{¶9} The Fourth Amendment to the United States Constitution guarantees people the right to be free from unreasonable searches and seizures and provides that no warrants shall issue but upon probable cause. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the duty of the reviewing court is to determine whether the issuing judge had a substantial basis to conclude that probable cause existed. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph two of the syllabus (1989), following *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Neither a trial court nor an appellate court should substitute its judgment for that of the issuing magistrate by conducting a de novo review. *Id.*

{¶10} In making the determination of whether there was a substantial basis to conclude that probable cause existed, the reviewing court must make a practical, common-sense decision whether given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* at paragraph one of the syllabus. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, reviewing courts should afford great deference to the issuing magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. *Id.*

{¶11} In the instant case, the affidavit attached to the search warrant presented sufficient evidence to support probable cause that drugs would be found in Conway's

house. Detective Yasenchak averred in the affidavit that a CRI provided information that the CRI had purchased heroin from Conway about ten times. As a result, the CRI was fitted with a wire and a controlled buy was arranged. The detective observed Conway exit his vehicle at the arranged site of the drug transaction and listened to the transaction over the wire. After the transaction concluded, assisting detectives followed Conway back to the Hosmer Avenue house, which was later discovered to be Conway's house.

{¶12} A second controlled buy was arranged 72 hours prior to the execution of the affidavit. A monitored phone call was placed by the CRI to Conway who directed the CRI to meet him at a nearby location. Within minutes of making the call, detectives conducted a surveillance at the Hosmer Avenue house. They observed Conway exit the house and followed him to the specified location, where the CRI purchased heroin from Conway.

{¶13} Given the fact that Conway was observed either leaving or returning to his house immediately before or after the controlled buys, we conclude the judge could have concluded that there was a "fair probability" that drugs would be found at the home; therefore, we conclude a sufficient nexus was shown to provide the probable cause to search Conway's house.

{¶14} Conway also contends the search warrant as to the items that were permissible to seize was so broad as to allow an exploratory search. In determining whether a warrant is specific enough, courts have determined that the specificity required

varies with the nature of the items to be seized. *State v. Pustelnik*, 8th Dist. No. 91777, 2009-Ohio-3458, 2009 WL 2054313; *State v. Overholt*, 9th Dist. No. 02CA0108-M, 2003-Ohio-3500, 2003 WL 21508774 ; *State v. McGettrick*, 40 Ohio App.3d 25, 29, 531 N.E.2d 755 (8th Dist. 1988). The key inquiry is whether the warrant could reasonably have described the items more precisely. *State v. Benner*, 40 Ohio St.3d 301, 307, 533 N.E.2d 701 (1988). The prohibition against general warrants will not prevent the issuance of a broad or generic listing of items to be seized if the circumstances do not allow for greater specificity and detail. *State v. Dalpiaz*, 151 Ohio App.3d 257, 2002-Ohio-7346, 783 N.E.2d 976, ¶ 27 (11th Dist.).

{¶15} In the instant case, the warrant listed items that would be relevant in establishing the fact that a drug business was being conducted and included such things as computer, computer disks, cell phones, money, and guns. The court also included evidence of proceeds from the drug enterprise such as bank checks, bank statements, and cash receipts, and documents regarding who controlled the premises. The warrant also allowed the seizure of "fruits or instrumentalities of the crime," which Conway contends is broad language. However, because it is difficult to anticipate the items purchased using drug money, greater detail describing the "fruits of the crime" was not possible. Moreover, this language was taken verbatim from Crim.R. 41, which sets forth property that may be seized with a warrant and includes "fruits of the crime."

{¶16} Conway also argues the warrant was defective because it did not list the crime associated with the search. Although the actual warrant did not list the crime, the

attached affidavit set forth the grounds of the search and detailed the two controlled buys of heroin. Accordingly, Conway's first assigned error is overruled.

<u>Warrant Executed in an Unreasonable Manner</u>

**{¶17}** In his second assigned error, Conway argues that law enforcement officers executed the search warrant in such a manner as to render the search unreasonable and thus subject to suppression of the evidence.

**{¶18}** The evidence indicated that the officers took apart Conway's toilet and broke a sewer pipe in his basement. However, these actions were necessary given the fact that Conway flushed drugs down the toilet. Although Conway denied flushing the drugs, according to Defective Yasenchak, Conway admitted to flushing a half-ounce of heroin to the officers. However, given the amount of heroin found in the freezer, the officers believed the amount could have been larger. Thus, they took apart the toilet and broke the pipe in an attempt to retrieve the drugs, which attempt was unsuccessful. Conway admitted that no duct work or other pipes in the basement were broken. Thus, the damage they incurred in conducting the search was reasonable. *See State v. Richard*, 8th Dist. No. 78813, 2002-Ohio-9, 2002 WL 42922 (damage was not unreasonable as police had to search in areas difficult to access.)

**{¶19}** The officers also removed two-by-fours that were placed over both doors. Conway contended he placed the two-by-fours over the doors for safety reasons. However, Detective Yasenchak testified that it was not unusual for drug dealers to place such boards across the doorways in an effort to provide more time to dispose of drugs if

police attempted to enter the home. Therefore, the removal of the boards was not unreasonable. Accordingly, Conway's second assigned error is overruled.

## Seizure and Forfeiture of the Property

{¶20} In his third assigned error, Conway argues the officer had no probable cause to seize two televisions and a PlayStation console and because there was no evidence he purchased the items with drug money, the trial court should not have ordered the items forfeited.

{¶21} At the time the items were seized, the officers had no knowledge that Conway was earning money other than by drug dealing. Therefore, the two televisions and the PlayStation console, which are expensive items, could have constituted "fruits of the crime" and were properly seized.

{¶22} At the forfeiture hearing, the state presented evidence of Conway's federal income tax records. Although, he had not reported any income for 2010 as of the April 20, 2011 hearing, he had reported income in 2009 of $16,685, and in 2008 he had a reported income of $9,879. The state also presented evidence from the County Auditor's website that Conway and a Charles Cortney purchased the house in 2010 for $15,000. The state argued that although there is no evidence who provided the money for the purchase of the home, that the "amount combined with no income for 2010 would lead one to believe that the PlayStation, [and] these two TVs are bought with drug money."

**{¶23}** In *Dayton Police Dept. v. Byrd*, 189 Ohio App.3d 461, 2010-Ohio-4529,938 N.E.2d 1110 (2d Dist.), the court explained as follows:

> **R.C. 2981.02(A)(2) allows for the forfeiture of "[p]roceeds derived from or acquired through the commission of an offense." Generally, the term "proceeds" refers to the profit gained directly or indirectly from an offense.   R.C. 2981.01(B)(11). The burden is on the state to show that the money has any connection to the underlying criminal offense.** *State v. Ali* **(1997), 119 Ohio App.3d 766, 770, 696 N.E.2d 285.   The state "must demonstrate that it is more probable than not, from all the circumstances, that the defendant used [the money] in the commission of criminal offenses." (Citations omitted.)** *Id.* **at 769. The same logic applies regarding sufficient proof that the money was proceeds of the criminal offense.**   *Id.* at ¶ 10.

**{¶24}**    We conclude the state failed to satisfy its burden that is was "more probable than not" that the items were purchased with the drug money.   Conway was earning income at least in 2008 and 2009 as a rap musician.   There is no way to determine on what he spent the earned money.   Forfeitures are not favored either in law or in equity.   *State v. Baumholtz*, 50 Ohio St.3d 198, 202, 553 N.E.2d 635 (1990). Under these circumstances, where other money besides drug money could have been used to purchase the items, we conclude the trial court erred in ordering the items to be forfeited.   Accordingly, Conway's third assigned error is sustained.

**{¶25}** Judgment affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
EILEEN A. GALLAGHER, J., CONCUR