[Cite as *State v. Bowshier*, 2017-Ohio-1386.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 2015-CA-54 |
| Plaintiff-Appellee | : | 2015-CA-73 |
| | : | |
| v. | : | Trial Court Case No. 05-CR-1113 |
| | : | |
| JEFFREY BOWSHIER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 14th day of April, 2017.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
    Attorney for Defendant-Appellant


JEFFREY BOWSHIER, #518-027, London Correctional Institution, Post Office Box 69, 1580 State Route 56, SW, London, Ohio 43140
    Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, P. J.

{¶ 1} Jeffrey Bowshier appeals from the trial court's judgment valuing his two vehicles, sold at auction under a forfeiture order, for restitution purposes. He also appeals from the trial court's denial of his motion for resentencing.

{¶ 2} Bowshier's appointed appellate counsel has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any arguable issues for appellate review. Bowshier filed his own brief that makes several arguments.

## I. Background

{¶ 3} In 2005, police seized a 2001 Chevrolet pickup truck and a 1995 Chevrolet van owned by Bowshier when they arrested him on drug-related offenses. The indictment includes forfeiture specifications alleging that the truck and van are proceeds from the offenses. Bowshier was found guilty of the offenses and convicted. After a forfeiture hearing, the trial court ordered the truck and van forfeited. On appeal, we reversed Bowshier's conviction and remanded the case for further proceedings. *State v. Bowshier*, 2d Dist. Clark No. 06-CA-41, 2007-Ohio-5364. Bowshier was convicted again. The judgment of conviction included an order of forfeiture as to the two vehicles. On appeal, we reversed the forfeiture order, affirmed the rest of the judgment, and remanded the case for further proceedings. *State v. Bowshier,* 2d Dist. Clark No. 2008 CA 101, 2009-Ohio-6387. On remand, a trial was held on the forfeiture specifications. Bowshier moved for a judgment of acquittal, under Crim.R. 29, on the specifications, and the trial court sustained the motion as to the van but overruled it as to the truck. The truck was found subject to forfeiture. Bowshier appealed. We concluded that the evidence did not support

a finding that the truck constituted proceeds from the drug-related offenses. So we reversed and vacated the forfeiture judgment and remanded for further proceedings. *State v. Bowshier,* 2012-Ohio-2410, 971 N.E.2d 474 (2d Dist.).

{¶ 4} On remand, the trial court ordered the State to return the vehicles to Bowshier. The State informed the court that, unfortunately, the vehicles had been sold at auction in November 2006, shortly after the original forfeiture order was entered. The trial court held a hearing in December 2014 at which Bowshier and the State presented evidence of the vehicles' value at the time they were sold. The truck sold for $13,351 and the van for $2,601. But it was Bowshier's position that the truck was worth $22,000 and the van worth $4,000. In June 2015, the trial court ordered the State to pay Bowshier the amount that the vehicles sold for at auction. Bowshier appealed.

{¶ 5} In March 2015, Bowshier filed a pro se motion for resentencing, arguing that his consecutive sentences were improperly imposed. The trial court overruled the motion. Bowshier appealed.

{¶ 6} We consolidated the appeals and both are now before us.

## II. Analysis

{¶ 7} In the *Anders* brief, appellate counsel does not identify any potential issues for appellate review. But Bowshier in his pro se brief argues four potential assignments of error.

### A. *Valuation of the vehicles*

{¶ 8} In his first potential assignment of error, Bowshier argues that the trial court erred by valuing his vehicles at the prices for which they were sold at auction. He says that these prices were far below their actual values.

**{¶ 9}** The State presented the title history of the truck (State's Exhibit #2). The document shows that the truck was purchased new in 2002 for $34,464. Bowshier testified that in 2004 or 2005 he bought the truck from his cousin for $25,000 cash and that the truck then had around 23,000 miles on it. But Bowshier's name appears nowhere in the truck's title history. In November 2006, when the truck was sold at auction, its mileage was around either 44,000 miles (according to the State's *Accounting of Proceeds*, filed in the trial court) or 55,000 miles (according to the title history). The only other evidence of the truck's value that Bowshier presented is a document showing that in December 2014 the Kelley Blue Book value of that model with 23,000 miles and in excellent condition was $14,918. According to the *Accounting of Proceeds*, the truck sold at an online public auction operated by GovDeals[1] in 2006 for $13,351. At the hearing, Bowshier's position was that the truck is worth $22,000, and the State argued that it was perhaps worth $19,772. Without explanation, the trial court adopted the auction sale price.

**{¶ 10}** As to the van, the State also presented its title history (State's Exhibit #1). The history shows that Bowshier bought the van in 2005 for $4,075. When the van sold at auction in November 2006, its mileage was around either 86,000 or 89,000. (The title history shows two different odometer readings.) The only evidence of the van's value when it was sold at auction is a document showing that in December 2014 the Kelley Blue Book value for that model of van with 90,000 miles and in excellent condition was $2,467. The State says that the van sold at a public auction for $2,601, though there is no evidence of this in the record. At the hearing Bowshier's position was that the van was worth $4,000. Again, without explanation, the trial court adopted the auction sale price.

---

[1] *See generally* https://www.govdeals.com.

**{¶ 11}** The Sixth District confronted a situation like the one here in *Erie County Drug Task Force v. Cunningham*, 6th Dist. Erie No. E-93-74, 1994 WL 236216 (May 27, 1994). In that case, the defendant's convictions were reversed, and he moved for an order returning his truck that had been seized. But the truck had already been sold at auction under a post-conviction order of forfeiture. So the trial court ordered the State to pay the defendant the proceeds of the sale, concluding that it lacked the authority to require the State to pay any more. The Sixth District first concluded that the court was not so limited, saying that a common pleas court "is not limited to ordering the return of the specific seized property, but may also order restitution if the specific property is not available for return." *Erie County* at *3. The State argued that the proceeds from the auction sale were adequate restitution. But the appellate court disagreed. "The price received at auction may be evidence of the fair market value of the property," said the court, "but we know of no court that has ruled that an auction price is dispositive evidence of the value of the property." *Erie County* at *3. "It would be particularly inappropriate," continued the court, "to rely on the auction price in a forfeiture case because R.C. 2933.41(C)(8) requires that the auction be without appraisal and without reserve. Such an auction is not an appropriate method to determine what a willing buyer would pay a willing seller when neither party is required to buy or sell."[2] *Id.* The court reversed and remanded.

**{¶ 12}** Unlike in *Erie County*, here an evidentiary hearing was held on the value of the vehicles at which the only solid evidence of value presented is the auction price. While Bowshier testified that he purchased the truck in 2004 or 2005 for $25,000, he did not

---

[2] We note that R.C. 2933.41 was repealed in July of 2007, which was after the sale of the vehicles in the case before us took place.

present any corroborating evidence. Indeed, his name does not appear in the truck's title history. The Kelley Blue Book value for the truck is of negligible use, as it shows what the truck was worth in 2014—not 2006, when it was sold—and is for a truck with 23,000 miles—not the 44,000 or 55,000 that Bowshier's truck had. The State said in closing arguments that it believed that the truck was worth $19,772, but this is not evidence. As to the van, Bowshier did not himself testify that he thought it was worth $4,000. Counsel told the court that in closing arguments. The Kelly Blue Book value that Bowshier presented is less than the auction sale price and anyway is the value in 2014. So the auction sale price is the only solid evidence of the van's value when it was sold in 2006. We note too that there is little evidence in the record about how the auctions were conducted. Nothing in the record suggests, though, that the auctions were conducted in an unreasonable manner.

{¶ 13} On this record, we cannot say that it was unreasonable of the trial court to adopt the vehicles' auction sale prices as their values. Therefore we find no merit in the first potential assignment of error.

B. *Alleged contents of the truck*

{¶ 14} In his second potential assignment of error, Bowshier argues that the trial court abused its discretion by not awarding him anything for the jewelry that he alleges was inside the truck when it was seized. Bowshier presented documentary evidence showing the value of the jewelry, but he presented no evidence, other than his own testimony, that this jewelry was in the truck when it was seized. The trial court was free not to believe Bowshier's claim that the jewelry was inside the truck. We find no merit in the potential second assignment of error.

## C. *Motion for re-sentencing*

**{¶ 15}** In his third potential assignment of error, Bowshier argues that the trial court erred by not sustaining his motion for resentencing. And in the fourth potential assignment of error, he argues that the trial court erred by imposing the maximum sentence and imposing consecutive sentences. Bowshier argues in these potential assignments of error that the trial court failed to make statutorily required findings.

**{¶ 16}** In his second appeal, Bowshier also argued that the trial court erred by imposing maximum and consecutive sentences because it failed to make specific findings. We concluded that the trial court was not required to make statutory findings and affirmed the sentence. *State v. Bowshier*, 2009-Ohio-6387, ¶ 54. Bowshier's present challenge to his sentence is barred by res judicata. So the third and fourth potential assignments of error are meritless.

## III. Conclusion

**{¶ 17}** We have performed our duty under *Anders* to conduct an independent review of the record to determine whether there are any potential assignments of error having arguable merit. We have found none.

**{¶ 18}** The trial court's judgment is therefore affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, J., dissenting:

**{¶ 19}** In *State v. Bowshier*, 2012-Ohio-2410, 971 N.E.2d 474 (2d. Dist.), we held that the "judgment of the trial court forfeiting the $21,196 in U.S. currency and the 2001

Chevrolet pickup truck is reversed and vacated." The trial court had previously sustained a Crim.R. 29 motion regarding the van.

{¶ 20} By the time of these rulings, the vehicles had been sold at an auction "without appraisal and without reserve," since they were, incorrectly, believed to be, subject to forfeiture.

{¶ 21} The State's closing argument included the following:

> If you take that $14,693 from the original purchase price, from the new price of the vehicle, which is $34,464, then that puts the value at the time of seizure about $19,772.
>
> So again, if the Court sees fit that the defendant does have some ownership interest in that vehicle subject to the return of property, it's the State's position that the value of that vehicle in 2005, 2006 would have been $19,772 right around there. (Tr. 44).

{¶ 22} The trial court determined that the defendant (appellant) did have an ownership interest. It is not frivolous to argue that there was a judicial admission by the State that the proceeds of the forced sale – which was the amount awarded by the court – were not the fair market value of the property that had been converted.

{¶ 23} Therefore, I would reject the *Anders* brief and appoint new counsel to argue this issue together with any other issues that may be present.

. . . . . . . . . .

Copies mailed to:

Megan Farley
Gary C. Schaengold
Jeffrey Bowshier

Hon. Douglas M. Rastatter